## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **No. 3:08cv365** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **HENRY KLIMCZAK** and **PAULA KLIMCZAK,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

_____Before the court for disposition is Plaintiff United States of America's motion for partial summary judgment. The matter has been fully briefed and is ripe for disposition.

## Background

_____Plaintiff United States of America filed the instant action to eject the Defendants, Henry and Paula Klimczak from a site in the Delaware Water Gap National Recreation Area, known as "Wheat Plains." Wheat Plains is an historic farm located in the park. The government seeks damages in addition to ejectment.

To carry out a land management program in the park, the National Park Service (hereinafter "NPS") grants agricultural Special Use Permits (hereinafter "SUP"). On July 22, 2000, the defendants signed a twenty-year SUP for Wheat Plains. The SUP provided for a rental fees for the farm buildings and croplands. (SUP, Attachment 1-m to O'Leary Declaration (hereinafter cited as "SUP"), at ¶ 16). Retention of the SUP is dependent on compliance with conditions listed therein. (Id. at p. 1).

_____The NPS had the authority to revoke the permit if the defendants breached it or if they violated any law of the United States or applicable

1

Park regulation .  (Id. at ¶ 23).

The SUP provided that "[a]ll money spent on improvements and repairs to house and outbuildings on the property, including labor, may be deducted from the above payments if such improvements and repairs are approved by the National Park Service."  (Id.  at 1).   The defendants must obtain permission prior to constructing either temporary or permanent buildings or structures on the land.  (Id. ¶ 26).

During the first four years of the lease, the defendants performed various improvements and repairs that were deducted from their lease payments through the end of the 2004 calendar year.  (Attachment 1-d to O'Leary Deposition).  The Superintendent instructed them, however, that the lease required prior approval before repairs or construction could occur.  (Id. at attachment 1-n.).  In 2002, the defendants constructed a "farm stand" on the property without the prior approval in writing of the NPS.  It is not precisely clear from the filings, but it appears that the defendants stopped paying its rental payment when the plaintiff failed to deduct the cost of constructing the farm stand from the amount owed under the SUP.

On December 31, 2007, plaintiff cancelled the lease with the defendants for non-payment of rent.  As of that date, the plaintiff contends that defendants owed $37,012.03.  (Doc. 1, Complaint ¶ 6).   Plaintiff ordered the defendants to cease and desist all agricultural and concession activities on the property and provided the defendants with thirty (30) days to vacate the buildings and remove all their belongings.  (Id. at ¶ 7).  The plaintiffs continued to occupy the property.  Thus the plaintiff filed the instant case seeking the ejectment of the defendants from the property and damages in the amount of unpaid rent.

At the close of discovery, the plaintiff moved for partial summary judgment, bringing the case to its present posture.

**Jurisdiction**

We have jurisdiction over this action pursuant to 28 U.S.C. § § 1345 and 1331.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's

3

burden of proof at trial.  <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986).

Once the moving party satisfies its burden, the burden shifts to the

nonmoving party, who must go beyond its pleadings, and designate

specific facts by the use of affidavits, depositions, admissions, or answers

to interrogatories showing that there is a genuine issue for trial.  <u>Id.</u> at 324.

**Discussion**

The United States moves for summary judgment on its ejectment

claim.  It argues that it is entitled to possession of the land as the

defendants violated the SUP in numerous ways and the NPS has

cancelled the SUP.

The government argues that the elements that must be met for its

ejectment claim are as follows: 1) ownership by the plaintiff; 2) plaintiff's

right to possession; 3) defendant's wrongful possession and 4) request for

relief.  <u>Lang v. Colonial Pipeline Co.</u>, 266 F. Supp. 552, 556 (E.D. Pa.

1967) and <u>Taylor v. Anderson</u>, 234 U.S. 74 (1914).

Ownership by the plaintiff in the instant case is uncontested.   The

only basis that the defendants have to live on the land in the National Park

is the SUP. <u>See</u> 36 C.F.R. § 2.61(a)("Residing in park areas, other than on

privately owned lands, except pursuant to the terms and conditions of a

permit, lease or contract, is prohibited.").  Violation of such a permit may

lead to its revocation.  36 C.F.R. § 2.61(b).

Here, the government's complaint asserts that the defendants failed

to comply with the terms of the SUP by failing to pay SUP fees.  (Doc. 1,

Complaint at ¶ 8).  At the time of the complaint's filing, the plaintiff asserted

an arrearage of $37,012.03.  (<u>Id.</u>).

In its answer, however, the defendants assert that they have made

improvements to the land, including re-construction of a building, valued at

4

$43,560.00.  (Doc. 6, Answer ¶ 8).  According to the permit, "[a]ll money spent on improvements and repairs to the house and outbuildings on the property, including labor, may be deducted from the above payments if such improvements and repairs are approved by the National Park Service."  (SUP at 1).  Additionally, the permit provides that: "<u>all expenditures on rehabilitation of property, including labor (at prevailing rates), will be credited against the lessee's rent.</u>"  (SUP at 10) (emphasis in original). Defendants assert that the government never credited the amount spent on improvements to the lease payments.  (Doc. 6, Answer ¶ 8).

We find that summary judgment in favor of the plaintiff is inappropriate.  Questions of material fact exist regarding the improvements made by the defendants on the property, whether prior approval was needed, sought or provided before the improvements were made and whether the value of the improvements should in fact be deducted from the amount the government asserts is due.  Accordingly, the plaintiff's motion will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:08cv365 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **HENRY KLIMCZAK and PAULA KLIMCZAK,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 7th day of July 2009, the plaintiff's motion for partial summary judgment (Doc. 13) is hereby **DENIED**.

**BY THE COURT:**

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**